UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BUTLER,

                Plaintiff,

v.

SUZANE BIGELOW, et al.,

                Defendants.

Case No. 2:24-cv-00120-TL-TLF

ORDER TO SHOW CAUSE

Plaintiff David Butler is a prisoner incarcerated at the Monroe Correctional Complex (MCC) and proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. 1983 civil rights action[1]. In Plaintiff's complaint, he alleges was admitted to Providence Regional Medical Center for ingesting unpassable items in February 2022. Dkt. 8 at 2. Upon admission, he alleges the hospital, Bigelow and King provided Plaintiff with insufficient medical treatment and berated Plaintiff for ingesting items. Due to their actions or lack of actions, Plaintiff alleges he underwent invasive surgery. *Id.* at 6.

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous,

---

[1] The Court directed service of Plaintiff's amended complaint. Dkt. 10. The Court, inadvertently, did not include defendants Providence Regional Medical Center, the "on call provider" at MCC, or the R.N. at MCC who "handled the phone call with Dr. Suzanne Bigelow." Dkt. 6 at 2; *see also* Dkt. 10.

ORDER TO SHOW CAUSE - 1

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915 (e)(2)(B) (providing for dismissal of any civil case on these same grounds despite the payment of a filing fee); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The statutory authority is clear: "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted.") (citing § 1915(e)(2)(B)(ii); emphasis removed). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

In this case, Plaintiff seeks to pursue a claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Section 1983 is reserved for constitutional and statutory violations by persons acting under color of state law. 42 U.S.C. § 1983. Generally, private persons and entities do not act under color of state law and are therefore not liable under § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (internal quotation marks and quoted sources

ORDER TO SHOW CAUSE - 2

omitted); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

A private party may be considered a state actor under § 1983 if they meet one of the following interrelated tests:

"(1) the public function test, (2) the state compulsion test, (3) the nexus test and (4) the joint action test." *O' Handley v. Weber,* 62 F.4th 1145, 1155-1156 (9th Cir. 2023), *cert. denied,* __ S.Ct. __, 2024 WL 3259696 (2024). If "there is 'pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings,'" or if "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State'", then the nexus is sufficiently close and private action may be treated as the government entity's action. *O'Handley,* at 1157 (citations omitted).

Also, a private person may be subject to a § 1983 suit if they "conspired" with state officials. *Price*, 939 F.2d at 707-08. To prove a conspiracy between the state and a private person, a plaintiff "must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (internal quotation marks and quoted sources omitted). Although the Court liberally construes pro se pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations. *See Price*, 939 F.2d at 707-09.

In this case, Plaintiff names two private individuals, Dr. Suzane Bigelow and Dr. King, and a private entity, Providence Regional Medical Center, as Defendants. Yet

does not allege or provide any facts supporting an allegation that the Defendants met any of the four tests described above, or conspired with state officials to violate Plaintiff's constitutional rights or acted under color of state law.

Plaintiff further names the "on call provider" at MCC, and the R.N. at MCC who "handled the phone call with Dr. Suzanne Bigelow" as defendants. Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of unidentified defendants is problematic because those persons cannot be served with process until they are identified by their real names. If Plaintiff wishes to pursue this Section 1983 action against the defendants identified as the "on call provider" and the R.N at MCC, he must provide their names.

Plaintiff's amended complaint, in sum, fails to identify a viable defendant. If a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff may file an amended complaint or show cause why his complaint sufficient as is by **November 29, 2024**.

Dated this 7th day of November, 2024

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4