UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID BUTLER,<br><br>                Plaintiff,<br>    v.<br><br>SUZANNE BIGELOW, MD, Providence Regional Medical Center–Everett, et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-00120-TL-TLF<br><br>ORDER ON REPORT AND RECOMMENDATION AND REFERRAL TO PRO BONO PANEL |

This matter comes before the Court on the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 19), and on Plaintiff David Butler's second motion for appointment of counsel (Dkt. No. 22). Having considered the Report and Recommendation and the record in this case, the Court DECLINES to adopt the Report and Recommendation and REFERS the matter back to Judge Fricke for further proceedings. Furthermore, for the reasons stated in Judge Fricke's prior order referring this matter to the Pro Bono Panel (Dkt. No. 16), and for additional reasons set forth in this order, the Court again

DIRECTS the Clerk to identify counsel from the Pro Bono Panel to represent Plaintiff in this matter, if such can be found.

Plaintiff, proceeding pro se and *in forma pauperis* (IFP), first moved for appointment of counsel on November 12, 2024 (Dkt. No. 14), shortly after Judge Fricke had issued an Order to Show Cause (OSC) ordering Plaintiff to demonstrate why his case should not be dismissed for failure to state a claim (Dkt. No. 13). On Plaintiff's motion, Judge Fricke referred the matter to the Pro Bono Panel in December 2024. Dkt. No. 16 (amended order on motion to appoint counsel). That referral to the Pro Bono Panel was unsuccessful, and counsel for Plaintiff could not be found. Dkt. No. 18 (minute order). Judge Fricke accordingly revived the OSC and gave Plaintiff until April 28, 2025, to file a new complaint or show cause why his complaint was sufficient. Dkt. No. 18 (citing Dkt. No. 13). On May 12, 2025, after Plaintiff had filed no new submissions in response to the order, Judge Fricke issued to the undersigned a Report and Recommendation recommending that "Plaintiff's complaint (Dkt. 8) should be DISMISSED without prejudice." Dkt. No. 19 at 8. Plaintiff has since filed Objections to the Report and Recommendation (Dkt. No. 20), a Motion to Amend Complaint (Dkt. No. 21), and a second Motion to Appoint Counsel (Dkt. No. 22).

On review of the Report and Recommendation, the undersigned has become aware of a procedural error that merits referring Plaintiff's case back to Judge Fricke for further consideration and back to the Pro Bono Panel to again seek counsel for Plaintiff. Specifically, it has become clear that the complaint at Docket No. 8—that is, the complaint whose dismissal has been recommended—is not the operative complaint in this case. An amended complaint (Dkt. No. 6), adopted on April 5, 2025 (*see* Dkt. No. 10 at 1 n.1), has not been given due consideration

//

//

in the intervening proceedings and appears to have been overlooked as the operative complaint. The relevant facts are as follows:

On January 26, 2024, Plaintiff filed his IFP petition, along with a handwritten proposed complaint. Dkt. Nos. 1, 1-1. The proposed complaint asserted one claim, for medical malpractice, against two physicians at Providence Regional Medical Center–Everett (PRMC), Dr. Suzanne Bigelow and gastrointestinal physician Dr. King, who allegedly treated Plaintiff in February 2022, while he was detained at Monroe Correctional Center (MCC).[1] Dkt. No. 1-1 at 2–3. "Plaintiff Butler[,] who suffers from mental illness[,]" alleged injuries due to Defendants' mishandling of his treatment after he "ingested two unpassable items" at MCC and was transported to the emergency department at PRMC. *Id.* at 2–3; *see generally id*.

On February 2, 2025, pursuant to direction by the Clerk (*see* Dkt. Jan. 29, 2024), Plaintiff filed a new scan of his original complaint with redactions applied to personal information in the exhibits. Dkt. Nos. 5. This version of the original complaint was entered on the docket as "PROPOSED 1983 Prisoner Civil Rights Complaint." *Id.*

A month later, on March 1, 2024, Plaintiff filed a ten-page, handwritten document. Dkt. No. 6. This document was docketed as "Motion to Amend Complaint." Consistent with the Local Civil Rules of this District, Plaintiff's submission included both his motion seeking leave to amend his complaint and "a copy of the proposed amended pleading" itself. LCR 15(a). The proposed amended complaint differed greatly from the original proposed complaint (Dkt. Nos. 1-1, 5). It included additional details and added new claims for negligence and deliberate indifference. Dkt. No. 6 at 7. It also added new defendants: PRMC itself and two unnamed employees of Monroe Correctional Center, an RN and an "on call provider." *Id.* at 2.

---

[1] At the time of filing, Plaintiff was incarcerated at the Washington State Penitentiary. Dkt. No. 1-1 at 1. Plaintiff is currently incarcerated at MCC. Dkt. No. 11 (notice of change of address).

1   On March 29, 2024, Judge Fricke granted Plaintiff's IFP petition. Dkt. No. 7. As the
2   Motion to Amend Complaint (Dkt. No. 6) had not yet been ruled upon, the re-filed version of the
3   original complaint (Dkt. No. 5) became the operative complaint and was re-posted by the Clerk
4   at Docket No. 8.

5   On April 5, 2024, Judge Fricke issued an "Order Directing Service." Dkt. No. 10. Its
6   name notwithstanding, this order accomplished two things. First, it granted Plaintiff's motion
7   (Dkt. No. 6) to amend his complaint. Dkt. No. 10 at 1 n.1. Second, it directed the Clerk to send to
8   certain defendants[2] the now-operative amended complaint as well as the Order Directing Service,
9   the notice of lawsuit, a request for waiver of service of summons, and a waiver of service of
10  summons. *Id.* at 1. As a result of the April 5th order, the amended complaint at Docket No. 6
11  became the operative complaint, and, accordingly, this was the complaint that was ordered sent
12  to Defendants. *Id*. ("The Clerk is directed to send . . . copies of plaintiff's complaint (Dkt. 6)[.]")
13  However, neither Plaintiff nor the Clerk re-filed the amended complaint on the docket after the
14  motion to amend was granted. Though the amended complaint was now operative, it remained,
15  and remains, only at Docket No. 6, labeled as "Motion to Amend Complaint."

16  The court next took action in this case on November 7, 2024, when Judge Fricke issued
17  an order requiring Plaintiff show cause why his action should not be dismissed for failure to state
18  a claim.[3] Dkt. No. 13. Although the OSC refers to Plaintiff's "amended complaint," it cites facts
19  from both the original complaint at Docket No. 8 (*see* Dkt. No. 13 at 1) and the amended

---

[2] The order directed the Clerk of the Court to send certain documents to Defendants Bigelow and King, but not PRMC or the MCC Defendants. As noted in a subsequent order, the omission of the newly added defendants was inadvertent. Dkt. No. 13 at 1 n.1 (Order to Show Cause ("OSC")). Defendants did not agree to waive service. *See generally* Docket.

[3] During the intervening period, Plaintiff made two filings: a notice of change of address (Dkt. No. 11) and a submission to the Court noting that Defendants had not answered his complaint within the time required (Dkt. No. 12). The Court notes, however, that no Defendant has yet been served. *See supra* n.2.

ORDER ON REPORT AND RECOMMENDATION AND REFERRAL TO PRO BONO PANEL – 4

complaint at Docket No. 6 (*see* Dkt. No. 13 at 1 n.1) and does not address the amended complaint's negligence or medical malpractice claims (*see generally id.*). All subsequent orders in this case appear to have relied, in whole or in part, on the "complaint" at Docket No. 8—that is, the inoperative original complaint.[4] *See* Dkt. 16 (amended order on motion to appoint counsel) at 2 (citing only to original complaint); Dkt. No. 18 (minute order relying on both complaints by reference to OSC); Dkt. No. 19 (Report and Recommendation) at 1, 4 (acknowledging that motion to amend was granted but drawing facts from original complaint and identifying "Dkt. 8" as operative complaint). It also appears that the inoperative complaint was the version sent to the Pro Bono Panel pursuant to Judge Fricke's December 2024 order. *See* Dkt. No. 16. And, crucially, it is the original version of the complaint, reposted at Docket No. 8, that Judge Fricke has recommended be dismissed for failure to state a claim. Dkt. No. 19 at 8.

When a plaintiff amends a complaint, it supersedes and completely replaces the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (same). Therefore, as Plaintiff's amended complaint became controlling on April 5, 2024, his original complaint should not have later been considered in weighing dismissal of his case. Similarly, the amended complaint should have been the complaint sent to the Pro Bono Panel so that potential attorneys could familiarize themselves with the case, screen for potential conflicts, and consider representation of Plaintiff.

---

[4] It is easy to understand how the correct complaint might have been overlooked, as it was triply hidden on the docket. First, it exists in the record only within the "Motion to Amend Complaint" (Dkt. No. 6); nowhere on the docket is it identified as a complaint itself. Second, since the original complaint was reposted when it became operative (upon the granting of IFP, while the motion to amend was pending), but the amended complaint was not re-posted when *it* became operative (upon granting of the motion to amend), the original complaint appears farthest down the docket—that is, it appears to be the most current complaint. Third, Judge Fricke's order granting leave to amend is even more buried than the complaint it adopts, as it is contained within a document titled "Order Directing Service," which was docket without notation indicating that it also ordered the adoption of a new operative complaint.

Accordingly, the court ORDERS as follow:

(1) The Court DECLINES to adopt the Report and Recommendation on procedural grounds. Except for the second motion to appoint counsel (Dkt. No. 22), which the undersigned will resolve, the Court REFERS the matter back to the Honorable Theresa L. Fricke, United Stated Magistrate Judge, for further proceedings consistent with this order.

(2) Plaintiff's objections to the Report and Recommendation (Dkt. No. 20) and Plaintiff's second Motion to Amend (Dkt. No. 21) are STRICKEN as moot.

(3) The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent Plaintiff in this matter by **September 9, 2025**. If the Clerk timely identifies *pro bono* counsel able to represent Plaintiff, the Court will grant the motion to appoint counsel; if no counsel can be identified, the motion will be denied.

(4) In light of the Court's referral of this case to the Pro Bono Panel, this matter will be STAYED pending consideration by the Pro Bono Panel.

(5) The Clerk is further DIRECTED to re-post the document at Docket No. 6 on the docket, labeled as "Amended Complaint" and listing, in docket text, all Defendants named in that Complaint, and to add all defendants to the docket.

(6) The Clerk is further DIRECTED to re-note Plaintiff's second motion to appoint counsel (Dkt. No. 22) for **September 9, 2025**.

(7) Plaintiff is REMINDED that referral to the Pro Bono Panel does not guarantee that he will be provided pro bono counsel.

Dated this 11th day of July, 2025.

Tana Lin
United States District Judge