UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BUTLER,

                Plaintiff,

    v.

SUZANE BIGELOW, et al.,

                Defendants.

Case No. 2:24-cv-00120-TL-TLF

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (DKT. 27)

This matter comes before the Court on plaintiff David Butler's motion for leave to file an amended complaint. Dkt. 27. For the reasons discussed below, the Court GRANTS plaintiff's motion.

## BACKGROUND

On January 26, 2024, plaintiff filed his application to proceed *in forma pauperis* (IFP), along with a handwritten proposed complaint. Dkt. No. 1, 1-1. The proposed complaint asserted one claim, for medical malpractice, against two physicians at Providence Regional Medical Center–Everett (PRMC), Dr. Suzanne Bigelow and gastrointestinal physician Dr. King, who allegedly treated Plaintiff in February 2022, while he was detained at Monroe Correctional Center (MCC). Dkt. 1-1 at 2–3. "Plaintiff Butler[,] who suffers from mental illness[,]" alleged injuries due to Defendants' mishandling of his treatment after he "ingested two unpassable items" at MCC and was transported to the emergency department at PRMC. *Id.* at 2–3.

On February 2, 2024, under direction by the Clerk (*see* Dkt. Jan. 29, 2024), plaintiff filed a new scan of his original complaint with redactions applied to personal information in the exhibits. Dkt. 5. This version of the original complaint was entered on the docket as "PROPOSED 1983 Prisoner Civil Rights Complaint." *Id.*

A month later, on March 1, 2024, plaintiff filed a ten-page, handwritten document. Dkt. 6. This document was docketed as "Motion to Amend Complaint." Consistent with the Local Civil Rules of this District, plaintiff's submission included both his motion seeking leave to amend his complaint and "a copy of the proposed amended pleading" itself. LCR 15(a). The proposed amended complaint included additional details and added new claims for negligence and deliberate indifference. Dkt. 6 at 7. It also added <u>new defendants: PRMC as an entity, and two unnamed employees of Monroe Correctional Center, an RN and an "on call provider."</u> *Id.* at 2.

On March 29, 2024, the undersigned granted plaintiff's IFP application. Dkt. 7. As the Motion to Amend Complaint (Dkt. No. 6) had not yet been decided, the re-filed version of the original complaint (Dkt. No. 5) became the operative complaint and was re-posted by the Clerk at Docket No. 8.

On April 5, 2024, the Court issued an Order Directing Service which granted plaintiff's motion to amend his complaint (Dkt. 6) and directed the Clerk to serve certain defendants the amended complaint. The order directed the Clerk of the Court to send certain documents to Defendants Bigelow and King, but not PRMC or the MCC defendants. As noted in a subsequent order, the omission of the newly added defendants was inadvertent. Dkt. 13 at 1 n.1. Neither plaintiff nor the Clerk re-filed the amended complaint on the docket after the motion to amend was granted. Though the

- 2

amended complaint was the operative pleading, it remained at Docket No. 6, labeled as "Motion to Amend Complaint".

On July 11, 2025, District Judge Tana Lin again referred the matter to Magistrate Judge Fricke and directed the Clerk to identify counsel from the Pro Bono Panel to represent plaintiff. Judge Lin further directed the Clerk to re-post the document at Docket No. 6 on the docket, labeled as "Amended Complaint" and listing, in docket text, all Defendants (i.e., Suzanne Bigelow, King, Providence Regional Medical Center-Everett, Provider, RN) named in that Complaint, and to add all defendants to the docket. Dkt. 23, Dkt. 24.

On July 30, 2025, counsel was located for plaintiff and the Court entered a motion to appoint Parker Palmer as counsel for plaintiff. Dkt. 25.

On September 23, 2025, plaintiff filed this motion to amend his complaint. Dkt. 27. The proposed Second Amended Complaint (SAC) names Unknown Correctional Medical Providers I – V (plaintiff alleges they are employed within the Monroe Correctional Complex), Providence Health, and Dr. Janet King as defendants in his proposed second amended complaint. Dkt. 27-1 at 2. The proposed SAC alleges plaintiff has "an exhaustively documented history of living with severe psychiatric conditions which manifested in the ingestion of foreign bodies." *Id.* ¶ 8. He asserts that after experiencing auditory hallucinations he engaged in an act of self-harm on February 7, 2022, which required Department of Corrections staff to take him to the Providence Regional Medical Center. *Id.* ¶ 11. Plaintiff alleges he was taken to Providence Regional Medical Center, and Dr. King provided him with medical treatment that violated state and federal law. *Id.* at pp. 4-12. Plaintiff states that upon discharge from

Providence, correctional medical providers at MCC were deliberately indifferent to his serious medical needs. Dkt. 27-1 at pp. 7-9.

DOC entered a "Special Notice of Appearance" for the sole purpose of objecting to plaintiff's motion. Dkt. 28, 29. Neither Providence Health nor Dr. King have entered an appearance in this case or responded to plaintiff's motion.

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "The party opposing amendment bears the burden of showing why leave to amend should not be granted." *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

1    The Court grants leave to amend. As for the first three factors—bad faith, undue
2 delay, and prejudice to the opposing party—the Court discerns nothing in the record
3 sufficient to overcome Rule 15(a)'s presumption in favor of leave to amend. *See*
4 *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)
5 (prejudice to the opposing party "carries the greatest weight" and, absent prejudice or a
6 "strong showing" under the other factors, there is a presumption in favor of granting
7 leave to amend).
8    Plaintiff was not appointed counsel until July 31, 2025, and the instant motion
9 was filed on September 23, 2025. It is reasonable for newly appointed counsel to
10 require time to consult with their client, particularly when the client has a mental health
11 concern, to understand plaintiff's claims and the existing docket history, and prepare a
12 motion for leave to amend the complaint.
13    And it appears DOC's objection to plaintiff's motion to amend is largely based on
14 the fact that the Court's service order from April 5, 2024, did not include DOC as a
15 party. As discussed above, that some of the defendants did not receive the amended
16 complaint (Dkt. 6), including the providers at MCC, was inadvertent. The first page of
17 plaintiff's Complaint listed only Bigelow and King. Dkt. 8 at 10. The motion to amend the
18 complaint listed more defendants, and was served by email on Bigelow, King, and the
19 Washington State Attorney General. Dkt. 6 at 1-2; Dkt. 10; see Dkt. 13 at 1, n.1.
20 Because of multiple motions and versions of the pro se pleading, Judge Lin issued an
21 order to clarify the record and counsel was ultimately appointed. Dkt. 23, 24, 25.
22    DOC has failed to demonstrate how they would be prejudiced by being added as
23 a defendant. The Court cannot discern any facts that would indicate plaintiff intended to

file this motion in bad faith, with undue delay, or that defendants will be prejudiced. This case is still in its early stages, and there are no impending deadlines or trial date.

The fourth and fifth factors likewise favor leave to amend. The Ninth Circuit has repeatedly emphasized that "[a] district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *accord Heineke v. Santa Clara Univ.*, 812 F. App'x 644, 645 (9th Cir. 2020).

The DOC defendants argue that plaintiff's motion is futile because the statute of limitations has run for the claims alleged against them. Furthermore, the DOC defendants contend that because the new claims do not "relate back" to the amended complaint, plaintiff's proposed second amended complaint does not avoid the statute of limitations bar.

Claims brought pursuant to 42 U.S.C. § 1983 are governed by the statute of limitations of the local jurisdiction for personal injury actions. *RK Ventures, Inc., v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). In Washington, personal injury actions must be brought within three years. RCW § 4.16.080(2). Accordingly, the statute of limitations applicable to plaintiff's § 1983 claims is three years.

Plaintiff asserts his cause of action against all defendants arose as early as February 10, 2022, and that he filed his first amended complaint, naming DOC employees, within the three-year statute of limitations. Dkt. 6. Plaintiff's proposed second amended complaint, which in part seeks to clarify the facts and claims alleged against those employees, is not futile. Because on its face it appears plaintiff's proposed

- 6

second amended complaint was timely filed, the Court need not address whether plaintiff has shown that the amendments relate back. If DOC determines that it should assert a statute of limitations defense, it may do so in an answer, or in a pretrial motion.

Plaintiff asserts he is mentally ill, and as he was recently appointed counsel, this is plaintiff's first opportunity to file a proposed amended complaint with the assistance of counsel.

The Court therefore GRANTS plaintiff's leave to amend his complaint. Plaintiff is instructed to file and serve the Second Amended Complaint in compliance with Federal Rule of Civil Procedure 4 and Western District of Washington Local Civil Rule 15.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the parties shall have 14 days from service of this Order to object. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Dated this 14th day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge

- 7