UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BUTLER,

                            Plaintiff,

        v.

SUZANE BIGELOW,

                            Defendants.

Case No. 2:24-cv-00120-TL-TLF

REPORT AND RECOMMENDATION

Noted for ___June 22, 2026___

Plaintiff, David Butler, proceeds through appointed counsel in this 42 U.S.C. § 1983 civil rights action.

This matter is before the Court on defendant Janet King's motion to dismiss. Dkt. 51. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends that the Court deny defendant's motion to dismiss (Dkt. 51).

## FACTUAL BACKGROUND

Plaintiff filed this action, along with a motion for leave to proceed in forma pauperis ("IFP") on January 26, 2024, alleging claims of medical malpractice against two defendants – Dr. Suzanne Bigelow and "G.I. Dr. King", both employees at Providence Regional Medical Center-Everett. Dkt. 1. Plaintiff alleges he suffers from mental illness and on February 7, 2022, he was taken from Monroe Correctional

REPORT AND RECOMMENDATION - 1

Complex ("MCC") to Providence Regional Medical Center-Everett after ingesting "two unpassable items consisting of paper rolled tightly and wrapped in industrial strength plastic one measuring 14 cm and the other 23 cm." *Id.*

Plaintiff alleges Dr. Bigelow and Dr. King "misrepresented his medical condition by failure to take necessary images (CT-scan) to determine exactly what was in plaintiff's stomach." *Id.* He alleges Dr. Bigelow and Dr. King created delay in his appropriate examination and treatment. *Id.* Plaintiff alleges upon returning to MCC he filed an emergency resolution request which was read to Dr. Bigelow but that she still refused to have plaintiff brought into the hospital. *Id.* Plaintiff alleges he was taken to Evergreen Health-Monroe where a CT-scan was ordered showing the ingested items. *Id.* He alleges he suffered four days of severe pain and nausea and ultimate had an "EGD" and a colotomy and appendectomy to remove the ingested items. *Id.* He indicates he was then hospitalized for another 1.5 weeks due to abdominal wall cellulitis. *Id.*

On March 1, 2024, plaintiff filed a motion to amend the complaint. Dkt. 6. The proposed amended complaint attached to his motion listed Providence Regional Medical Center-Everett ("PRMCE") as a new defendant. *Id.*; Dkt. 24. Plaintiff also identified two other new defendants – an unidentified on-call provider and an unidentified registered nurse ("RN"), both at MCC. *Id.*

In addition to re-asserting his medical malpractice claims against Dr. Bigelow and Dr. King, plaintiff also asserted a new claim of negligence against PRMCE for allegedly "allowing plaintiff to be released by its staff whom it is responsible for in performing their duties in an appropriate manner." *Id.*

REPORT AND RECOMMENDATION - 2

Plaintiff also added deliberate indifference claims against the MCC medical providers. *Id.* He alleges the RN who contacted Dr. Bigelow based on plaintiff's emergency resolution request violated his rights by failing to take more expensive measures to get plaintiff the medical care he needed. *Id.* He also alleges the on-call provider at MCC should have sent him immediately to the hospital based on his ingestion of items, complaints of pain and inability to eat or drink. *Id.*

On March 29, 2024, the Court issued an order granting the application to proceed IFP. Dkt. 7. On April 4, 2024, the Court issued an order granting the motion to amend the complaint (Dkt. 6) and directed service of the first amended complaint (Dkt. 6) by email upon Dr. Bigelow and  Dr. King only and directing that a courtesy copy be sent to the Washington State Attorney General's Office. Dkt. 7. The first amended complaint attached to plaintiff's motion to amend was not, at that point, docketed separately.

On November 7, 2024, the Court issued an Order to Show Cause, observing that plaintiff brought this case under 42 U.S.C. § 1983 against private actors, when such claims can only be brought against state actors. Dkt. 13. The Court gave plaintiff until November 29, 2024, to either file an amended complaint or show cause why the case should proceed. *Id.* On November 12, 2024, plaintiff filed a motion to appoint counsel. Dkt. 14. On December 13, 2024, the Court granted the motion and indicated it would take steps to identify a pro bono attorney willing to accept the appointment but that it could not guarantee whether such an attorney would be located and appointed. Dkts. 15, 16.

REPORT AND RECOMMENDATION - 3

On March 31, 2025, the Court issued a minute order stating that it was unable to locate a pro bono attorney to represent plaintiff and directing him to file an amended complaint or show cause why his complaint was sufficient by April 28, 2025. Dkt. 18. On May 12, 2025, the Court issued a report and recommendation recommending dismissal of plaintiff's complaint. Dkt. 19. On May 22, 2025, plaintiff filed objections to the report and recommendation and renewed his motion to appoint counsel. Dkts. 20- 22.

On July 11, 2025, the Court declined to adopt the report and recommendation, directed the Clerk to identify counsel from the pro bono panel to represent plaintiff by September 9, 2025, directed that the clerk re-post the first amended complaint (at Dkt. 6) on the docket labeled as "amended complaint" and listing, in docket text, all defendants named in that complaint, and to add all defendants to the docket, and stayed the case pending consideration by the pro bono panel. Dkt. 23.

On July 30, 2025, the Court appointed Mr. Parker Palmer to represent plaintiff and lifted the stay. Dkt. 25. On September 23, 2025, plaintiff filed a motion to amend the first amended complaint and mailed a copy to "Providence Regional Medical Center." Dkt. 27. On November 14, 2025, the Court granted plaintiff's motion to amend the first amended complaint. Dkt. 31. Plaintiff filed his second amended complaint on November 19, 2025. Dkt. 33.

In his second amended complaint – the operative complaint – plaintiff names the following defendants: Janet King, M.D., a gastroenterologist employed or otherwise affiliated with Providence Health; Providence Health; and Unknown Correctional Medical Providers I-V. Dkt. 33. Plaintiff alleges that on or about February 7, 2022, while housed at MCC, he intentionally ingested pieces of paper wrapped in plastic following

REPORT AND RECOMMENDATION - 4

what he describes as self-harming behavior triggered by psychiatric hallucinations. Dkt. 33 at ¶¶7-8, 11. After he reported pain and discomfort, correctional staff transported him to Providence Regional Medical Center in Everett, Washington ("PRMCE"). *Id.* at ¶¶11-12.

Plaintiff alleges that he was evaluated in the Emergency Department by Dr. Suzanne Bigelow who triaged plaintiff, performed an exam, and reviewed plaintiff's previous medical records which included his history of psychiatric disorders and several interventions for foreign body ingestion including esophageal removal of foreign bodies, endoscopies, and colonoscopies. *Id.* at ¶¶ 12-14. During the exam, plaintiff informed Dr. Bigelow that he ingested paper wrapped in plastic, estimated to measure "6 or 7 inches long." *Id.* at ¶ 14-15.

Dr. Bigelow ordered an X-ray of plaintiff's abdomen and consulted with Dr. Janet King, a gastroenterologist. *Id.* at ¶19. After reviewing the X-ray imaging and relevant diagnostic information, Dr. King informed Dr. Bigelow that the ingested material would pass on its own and ordered no additional diagnostics or procedures. *Id.* at ¶¶19, 21-23. Plaintiff was discharged and transferred back to the custody of the Department of Corrections. *Id.* at ¶25.

Plaintiff alleges that the American Society of Gastrointestinal Endoscopy publishes evidence-based guidelines governing the management of foreign body ingestions, and their guidelines are commonly accepted standard of care within the medical community. *Id.* at ¶ 16. He alleges that according to the Society's guidelines, urgent endoscopies should be performed upon people that have ingested objects greater than 6 centimeters in length. *Id.*

REPORT AND RECOMMENDATION - 5

Plaintiff further alleges that over the next several days, he complained to Unknown Correctional Medical Providers I-V of increasing pain and discomfort. *Id.* at ¶ 26. He alleges his pleas for care went unanswered and defendant correctional medical providers dismissed his concerns. *Id.* at ¶ 29. Plaintiff alleges eventually an unrelated correctional officer recognized the severity of plaintiff's condition and urged staff to bring him to the hospital. *Id.* at ¶ 31.

Plaintiff asserts he was transported to Evergreen Health Hospital on February 10, 2022. *Id.* at ¶¶ 26, 32. Providers performed a computed topography scan which revealed the objects plaintiff ingested had not passed but had become stuck in his stomach. *Id.* at ¶32. On February 11, 2022, providers at Evergreen Health performed an endoscopy and removed one foreign object. *Id.* Due to the passage of time the other foreign object had progressed through plaintiff's stomach and become lodged in his intestinal tract and providers were forced to perform a diagnostic laparoscopy and colotomy and also remove plaintiff's appendix during the procedure. *Id.* Due to these procedures, plaintiff asserts that he developed cellulitis, a complication that required weeks of painful and uncomfortable hospitalization. *Id.* at ¶ 33.

Based on these allegations, plaintiff alleges four causes of action: (1) Eighth Amendment deliberate indifference under 42 U.S.C. § 1983 against Unknown Correctional Medical Providers I-V; (2) medical negligence against Dr. King; (3) negligence against "Providence Health"; and (4) an Emergency Medical Treatment and Labor Act ("EMTALA") failure-to-stabilize claim against Providence Health. *Id.* at ¶¶ 34-57.

REPORT AND RECOMMENDATION - 6

On November 19, 2026, plaintiff filed a praecipe to issue summons of the second amended complaint to "Providence Health", Janet King, M.D., and "Unknown Correctional Medical Providers I-V." Dkts. 34, 35, 36. On December 10, 2025, counsel filed a notice of appearance on behalf of defendant Janet King and on December 15, 2025, separate counsel filed a notice of appearance on behalf of defendant Providence Health. Dkts. 43, 46.

Defendants Providence Health[1] and Janet King subsequently filed motions to dismiss. Dkts. 44, 51. Plaintiff filed opposition[2] to the motions and defendants filed respective replies. Dkts. 52, 53, 55, 56.

DISCUSSION

Defendant King moves to dismiss on the grounds that plaintiff failed to file and serve her within the applicable statute of limitations under Revised Code of Washington ("RCW") 4.16.350 and also failed to initiate timely service under Fed. R. Civ. P. 4(m) and 12(b)(5).[3] Dkt. 51. Defendant King also argues substantively, dismissal with prejudice is further warranted under Fed. R. Civ. P. 12(b)(6) because plaintiff's claims are time-barred under RCW 4.16.350. *Id.*

Revised Code of Washington ("RCW") 4.16.350 provides, in relevant part, that:

---

[1] The Court will address defendant Providence Health's motion by separate report and recommendation.

[2] Counsel for the Washington State Attorney General's Office filed a response to defendant Providence Health's motion to dismiss indicating they take no position on the motion. Dkt. 54. The Court notes that the response lists as defendants "Washington State School for the Blind, Scott McCallum, Anne Baker, and Maria Sarate." *Id.* Though not entirely clear, it appears to the Court that these defendants may be listed in error and that they may be related to a separate action.

[3] Fed. R. Civ. P. 12(b)(5) and (6) provide: Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted[.]"

REPORT AND RECOMMENDATION - 7

"Any civil action for damages for injury as a result of health care…against: (a) A person licensed by this state to provide health care… based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury…" (emphasis added).

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant, unless the plaintiff shows good cause for the failure. If the plaintiff shows "good cause" for failure to serve the complaint timely, the court is required to extend the time for service. *De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 (9 Cir. 1998).

In this case, the alleged events forming the basis of plaintiff's complaint occurred on February 7, 2022. Defendant King argues that under RCW 4.16.350, the statute of limitations on plaintiff's medical negligence claims against her expired on February 7, 2025. Dkt. 51 at 4. Defendant King argues she was not properly served in the action until December 8, 2025. *Id.*

But here, plaintiff's original complaint and the first amended complaint naming defendant King were filed within the applicable statute of limitations. Dkts. 6, 7. The Court's order directing service of the first amended complaint, issued on April 4, 2024, directed service against defendant "Dr. G.I. King" but inadvertently only directed service by email and that a courtesy copy be served on the Washington State Attorney General's Office. *See* Dkt. 6. Later, the court attempted to locate and appoint counsel for plaintiff.

REPORT AND RECOMMENDATION - 8

When a court grants a litigant leave to proceed IFP, "[t]he officers of the court shall issue and serve all process[.]" 28 U.S.C. § 1915(d); *see* Fed. R. Civ. P. 4(c)(3) (the Court must order service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, [a] plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause within the meaning of Rule 4([m]).'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).

Here, plaintiff's subsequently appointed counsel promptly served defendant King with the second amended complaint December 8, 2025[4], raising substantively the same medical negligence claims against her as were raised in the original and first amended complaint.

The Court should find that, under the circumstances, the Court's failure to complete service within 90 days, constitutes good cause for the plaintiff's failure to effect service upon defendant King within 90 days of filing of the complaint as required by Rule 4(m).

---

[4] This date is provided by defendant King and does not appear to be disputed by plaintiff.

REPORT AND RECOMMENDATION - 9

Defendant King also argues that plaintiff's claims in the second amended complaint against her do not relate back to the claims in the prior complaints.

Under Federal Rule of Civil Procedure 15(c):

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, the second amendment complaint raises substantively the same medical negligence claims against defendant King as those raised in the original and first amended complaints. Thus, the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading. Fed. R. Civ. P. 15(c).

Further, the second amended complaint does not change the party or naming of the party against whom a claim is asserted. Here, the original and first amended complaint named "G.I. Dr. King" at Providence Regional Medical Center – Everett. The second amended complaint also provides defendant King's first name – Janet – but does not "change" the name in the sense contemplated by the Rule 15(c). Defendant does not argue that the identification of "G.I. Dr. King" would have been insufficient for purposes of effecting service of the original or first amended complaint. Furthermore, as discussed above, plaintiff shows good cause for the failure to serve the first amended

REPORT AND RECOMMENDATION - 10

complaint within the 90-day period provided by Rule 4(m). Defendant King also does not argue in her motion that she will suffer any significant prejudice by defending the action on the merits. *See* Dkt. 51.

Accordingly, defendant King's motion to dismiss (Dkt. 51) should be DENIED.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court should DENY defendant King's motion to dismiss (Dkt. 51). A proposed order is attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 22, 2026**, as noted in the caption.

Dated this 2nd day of June, 2026.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11